O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PEREZ,<br><br>        Petitioner,<br><br>   vs.<br><br>G. ADAMS, WARDEN,<br><br>        Respondent. | CASE NO. CV 09-00324 DOC (RZ)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.

Petitioner correctly notes in his Objections that his Claim 4, asserting ineffective assistance of trial counsel, has an additional basis beyond what is discussed in the Report. In addition to the subclaims addressed in the Report, Petitioner argued that counsel was ineffective for a generalized failure "to prepare, investigate, and present every aspect of [the] defense . . . of voluntary intoxication." *See* Mem. (filed with Pet.) at 13. The Court will address that aspect of Claim 4 on its merits.

The subclaim is unpersuasive. With the ineffectual exceptions noted further below, Petitioner fails to support the subclaim by providing any specific showing of what

1 evidence would have been uncovered and introduced by a defense attorney who had
2 behaved as Petitioner wished. He complains that an expert witness would have been useful
3 in discussing voluntary intoxication, and perhaps that is so. But Petitioner presents no
4 evidence of what expert was available and willing to testify, and what the expert's
5 testimony would have been. Such conclusory and unsupported allegations do not warrant
6 habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations
7 which are not supported by a statement of specific facts do not warrant habeas relief.");
8 *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (habeas relief not warranted where
9 claims for relief are unsupported by facts).

10        That is not to say that Petitioner supplies no declarations. Attached to
11 Petitioner's Reply brief, and therefore arguably arriving too late to provide valid support
12 for this subclaim, *cf. Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (claim
13 first presented in traverse is not properly cognizable, as the respondent has no opportunity
14 to answer), are several declarations of relatively recent vintage, all bearing signature dates
15 after the filing date of the petition. Petitioner first cites, *see* Objs. at 2, to the June 7, 2010
16 declaration of Martha Verdugo. *See* Ex. E to Reply. Verdugo identifies herself as "a very
17 close friend" of Petitioner's family who "love[s] [Petitioner] as if he were one of [her] own
18 sons." But Verdugo merely testifies that Petitioner was an "honest," "very trustworthy"
19 young man who took a turn for the worse after he began using "crack" and, at times
20 thereafter, would be "spaced out in his own world." Verdugo does not testify that she was
21 available to testify at the time of trial, but even if she were available, such testimony from
22 a close family friend, not focused on Petitioner's condition at the time of the crime, would
23 not have been reasonably likely to improve Petitioner's trial outcome. *See Brecht v.*
24 *Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). Petitioner
25 also cites similar and recent testimony from his mother Luz Maria T. Zavala (Ex. B to
26 Reply) and sister Perla Najera (Ex. D to Reply) discussing his general descent into drug
27 use.
28

1   The only declaration that somewhat focuses on Petitioner's drug use at the time of the crime is from another of his sisters, Veronica Leyva. *See* Ex. C to Reply. She testifies that she knew from Petitioner's "demeanor" that he "had been using drugs" that day. But the jury already knew that. Leyva's testimony would have been entirely cumulative to the ample evidence heard at trial of the *fact of* intoxication, *i.e.*, that Petitioner had been smoking methamphetamine *for the entire day* prior to the crimes. What was lacking was persuasive evidence that his intoxication was sufficiently profound that it reduced his criminal culpability. The jury evidently concluded that, although Petitioner was "high," he nonetheless formed the *mens rea* for attempted first degree murder. The addition of the proffered testimony from several of Petitioner's loved ones, essentially attesting that he was a good man ruined by hard drugs and who was high on the day of the crimes, would not have been reasonably likely to change that conclusion.

With the foregoing amendment and addition to the Report, and the Court having considered *de novo* all aspects of the Report to which objections were made, the Court accepts the findings and recommendations of the Magistrate Judge.

DATED: April 1, 2011

/s/ David O. Carter
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE